FREEMAN, City Marshal, v. FRIEDMAN.

(Supreme Court, Appellate Term. February 8, 1912.)

1. CHATTEL MORTGAGES (§ 138*)—PRIORITY OVER WRIT OF SEIZURE.
   A chattel mortgage, properly filed, is superior to the lien of a subsequent writ of seizure.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228–236; Dec. Dig. § 138.*]

2. EXECUTION (§ 148*)—CUSTODY OF PROPERTY—CONVERSION—RIGHT TO RECOVER—NOMINAL DAMAGES.
   Even if the representative of a chattel mortgagee was guilty of conversion in selling the property after plaintiff, as marshal, levied upon it, no more than nominal damages could be recovered, where the mortgage, which was superior to the lien of the levy, was for an amount in excess of the value of the property.
   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Alfred Freeman, marshal of the city of New York, against Robert Friedman. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Samuel Widder, for appellant.
Jule L. Janover, for respondent.

PER CURIAM. [1] The complaint alleges that the plaintiff, as a marshal of the city of New York, levied upon and seized property of the value of $120 under a writ of seizure, which property defendant thereafter converted. The chattels in dispute had been mortgaged to one Kraus nearly three months before plaintiff took possession. This mortgage was filed, and unquestionably constituted a lien prior to any that plaintiff could acquire under his writ. Defendant, as an auctioneer, sold the chattels at the direction of the attorney for Kraus, the mortgagee, after plaintiff's seizure.

[2] The theory of plaintiff's counsel, and of the trial court, seems to have been that this sale was no justification to defendant, because the Kraus mortgage allowed the mortgagor, against whom plaintiff's writ was directed, to retain possession until default. It is unnecessary to consider whether plaintiff or defendant should bear the burden of proving that there was or was not a default under the mortgage. This question is eliminated, because, even if defendant was guilty of conversion, which we do not decide, no damage was shown. Kraus' debt and lien was for $110, and the court found the value of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the chattel to be only $90. In the absence of proof that the Kraus debt had been discharged, wholly or in part, no more than nominal damage was sustained by reason of defendant's appropriation of the goods to Kraus' use. Plaintiff's levy could reach only the excess value above the incumbrance, and no excess was shown.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.